FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 1 5 2006
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARIA OLGA TUIMIL,

                Plaintiff,

-against-

THE STATE OF NEW YORK, et al.,

                Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

06-CV-3392 (ENV)(LB)

VITALIANO, United States District Judge:

    Plaintiff Maria Olga Tuimil, appearing *pro se*, brings this action under 42 U.S.C. §§ 1981, 1983 and 1985, seeking damages and injunctive relief from defendants for alleged violations of her federal constitutional rights. By order dated September 28, 2006, the Court granted plaintiff's request to proceed *in forma pauperis*, dismissed the complaint in part[1] and allowed plaintiff an opportunity to replead the claims the Court found deficient within 30 days from the date of the Order.[2] The Court informed plaintiff that if she failed to replead as directed, the complaint against the remaining defendants shall be dismissed.

    Plaintiff's claim, however, against John Doe, EMS worker shield #3427 employed by the Fire Department of the City of New York, alleging that he stuffed a surgical mask into her mouth causing her to choke while being transported to Elmhurst Hospital on April 7, 2004 was permitted to go

---

[1] The Court dismissed plaintiff's claims under 42 U.S.C. §§ 1981, 1983 and 1985 against all the defendants (except as noted in the Order) pursuant to 28 U.S.C. § 1915 (e)(2)(B).

[2] The Court directed plaintiff to replead her February 2004 false arrest claim against police officers Witcowski and Chabus of the 114th Police Precinct and her claim of involuntary hospitalization and forced medication from April 7 to 12, 2004, against defendants Michael Manasherov, Mark R. Nathanson, Felisa Y. Dakis, M.D., Anna Sass, Michele A. Campione, John E. Madias, M.D., Maria Burgos MSW, Samuel Sostre M.D., and John and Jane Does.



forward. Complaint at ¶ III, p.3. However, plaintiff would be responsible for identifying and serving the proper defendant within the statute of limitations period. Soto v. Brooklyn Correctional Facility, 80 F.3d 34, 35 (2d Cir. 1996).

On November 7, 2006, the Court received plaintiff's letter which expresses her dissatisfaction with the Court's handling of her case and informs the Court that she would not be filing an amended complaint. See Plaintiff's Letter dated November 1, 2006 ("This is to officially inform you that I will not be filing an amended version of this case."). Because plaintiff has failed to replead as instructed, the complaint is hereby dismissed for the reasons set forth in the prior Order.

Plaintiff's letter appears to be abandoning this action. However, if plaintiff intends to proceed solely as to the John Doe EMS worker defendant, plaintiff is directed to file an amended complaint as to this defendant and she should provide information in order to identify this defendant, such as the date, time and location and a physical description (age, gender, race) of this defendant. If plaintiff fails to respond to this Order within 30 days, the complaint in its entirety shall be dismissed without prejudice. All proceedings shall be stayed for 30 days to allow plaintiff to pursue the claim against this defendant as set forth above.

The Court certifies pursuant to 28 U.S.C. 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: Brooklyn, New York
November 15, 2006

SO ORDERED.

_____
ERIC N. VITALIANO
United States District Judge

2